J-S61020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DANIEL LEWIS | |
| Appellant | No. 757 EDA 2017 |

Appeal from the PCRA Order January 19, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1201581-2005

BEFORE:  LAZARUS, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY RANSOM, J.:                 **FILED OCTOBER 17, 2017**

Appellant, Daniel Lewis, appeals from the order entered January 19, 2017, denying his petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We adopt the following procedural history from the PCRA court opinion, which in turn is supported by the record.  **See** PCRA Court Opinion (PCO), 1/20/17, at 1-3.  In September 2005, Appellant was arrested and charged with murder and related offenses.  Following a February 2007 mistrial, Appellant was convicted by a jury on September 19, 2007, of first-degree murder, firearms not to be carried without a license, and possession of an

_____

[*] Retired Senior Judge assigned to the Superior Court.

instrument of crime.[1] That same day, Appellant was sentenced to mandatory life imprisonment and an additional three and one-half to seven years of incarceration.

Appellant's judgment of sentence was affirmed on appeal. *See Commonwealth v. Lewis*, 981 A.2d 925 (Pa. Super. 2009) (unpublished memorandum). In July 2010, Appellant *pro se* filed a PCRA petition. In January 2012, he requested that his right to petition for allowance of appeal to the Pennsylvania Supreme Court be reinstated. This request was granted, and the Supreme Court denied allowance of appeal. *See Commonwealth v. Lewis*, 54 A.3d 437 (Pa. 2012) (unpublished memorandum).

In September 2013, Appellant *pro se* timely filed a PCRA petition, a request for leave to file an amended petition, a motion for production of transcripts and original discovery, and a request for discovery and *Brady*/*Giglio*[2] material. The PCRA petition itself did not outline any claims Appellant wished to raise beyond checking boxes indicating he would raise claims of a violation of the Constitution of the Commonwealth or the United States, and ineffective assistance of counsel.

Counsel was appointed, but did not file an amended petition on Appellant's behalf. In July 2016, the court appointed Gary Server, Esq., to

---

[1] *See* 18 Pa.C.S. §§ 2502(a), 6106, and 907, respectively.

[2] *See United States v. Giglio*, 92 S. Ct. 763 (1972); *Brady v. Maryland*, 83 S. Ct. 1194 (1963).

represent Appellant. Attorney Server filed a **Turner**/**Finley**[3] letter and sought to withdraw representation. The letter averred that Attorney Server had reviewed Appellant's motions and the records and had contacted him for clarification. The court indicates that Appellant mailed a letter indicating he would respond to the **Finley** letter. However, this letter was not filed and does not appear on the docket or in the certified record. On September 29, 2016, the court sent Appellant notice pursuant to Pa.R.Crim.P. 907 that his petition would be dismissed without a hearing.

The court indicates that on October 21, 2016, Appellant mailed a response to the **Finley** letter raising additional claims. However, this letter was not filed and does not appear on the docket or in the certified record. Attorney Server filed an amended **Finley** letter on December 15, 2016. By letter dated December 15, 2016, and post-marked December 27, 2016, Appellant filed a motion requesting additional time to file a response to the notice of intent to dismiss and **Finley** letter. He claimed that he mistakenly sent his responses directly to the court and not the filing office and that Attorney Server's **Finley** letter was in legal error. Appellant did not raise additional or specific claims.

On January 20, 2017, the court formally dismissed Appellant's petition by order and opinion. It did not order him to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal or issue a further opinion.

_____

[3] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1998).

On appeal, Appellant raises the following questions for our review:

A. Is PCRA counsel's *Finley* letter holding that Appellant's PCRA is frivolous and the record of his case contains no meritorious claims and the [court's] agreement with the *Finley* letter in legal error, when the record contains meritorious claims that are apparent and appellant presented meritorious claims?

B. Did PCRA counsel and [the court] commit legal error in his *Finley* by holding as meritless appellant's claim that Judge Hughes abused discretion in denying defense motion to recuse based on prejudice/biasness [*sic*] judicial misconduct that created the appearance of impropriety, and appellant counsel wasn't ineffective for failing to raise issue on appeal?

C. Did PCRA counsel and [the court] commit legal error by using *Finley* to hold as meritless appellant's claim that Judge Hughes committed bad faith judicial misconduct that denied appellant a fair trial and due process and that appellate counsel wasn't ineffective for failing to raise issue [*sic*] on appeal?

D. Did PCRA counsel and [the court] commit legal error by using *Finley* to hold as meritless appellant's claim that Judge Hughes abused her discretion in denying defense motion to disqualify a biased juror who had engaged in jury misconduct/ex parte contact with a commonwealth witness and appellate counsel wasn't ineffective for not raising issue on appeal?

Appellant's Brief at vii.[4]

Initially, we note several deficiencies in Appellant's brief. He does not include a proper statement of the scope and standard of review. *See* Pa.R.A.P. 2111(a)(3). Additionally, it contains a number of exhibits in the reproduced record which were not included in the certified record below. *See* ***Commonwealth v. Preston***, 904 A.2d 1, 6 (Pa. Super. 2006) (noting that

---

[4] Appellant's brief was untimely filed. However, on September 1, 2017, Appellant filed an application for relief, requesting that we consider his brief timely filed. We grant his application and will consider the merits of his brief.

matters not of record cannot be considered on appeal, and an appellate court is limited to considering only the materials in the certified record).  However, based upon our resolution of Appellant's issues, we need not find waiver on that basis.

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error.  *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007).  We afford the court's findings deference unless there is no support for them in the certified record.  *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

Appellant raises a number of issues of ineffective assistance of counsel. However, claims that are not raised in a PCRA petition may not be raised for the first time on appeal.  *See Commonwealth v. Rigg*, 84 A.2d 1080, 1084 (Pa. 2014); *see also* Pa.R.A.P. 302(a).  Appellant filed a number of motions in the court below, but did not plead and preserve these issues in his PCRA petition.  The PCRA petition itself states only that he seeks to raise issues of constitutional violations and ineffective assistance of counsel, but Appellant never articulated his claim.  Nor did Appellant seek leave to amend his petition.  *See*, *e.g.*, *Commonwealth v. Mason*, 130 A.3d 601, 627 (Pa. 2015); *see also* Pa.R.C.P. 905(A).  Accordingly, all claims related to trial and appellate issues are waived.  *See Riggs*, 84 A.2d at 1084; Pa.R.A.P. 302.

Additionally, Appellant's claims related to PCRA counsel's ineffectiveness are waived. Such a claim may be raised in a response to the court's Pa.R.Crim.P. 907 notice. *See*, *e.g.*, *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014), *appeal denied*, 101 A.3d 785 (Pa. 2014). However, the notice, issued September 26, 2016, provided that Appellant must file a response within twenty days. Appellant did not file a response until December 27, 2016, far beyond the provided time period. Accordingly, he has waived his issue for purposes of appeal.

Counsel was properly permitted to withdraw after fulfilling the requirements of *Turner/Finley*. Where counsel determines that there are no meritorious issues raised in a PCRA petition, and the court agrees, counsel may withdraw after filing a "no merit" letter. *See Turner*, 544 A.2d at 928-29; *Finley*, 550 A.2d at 215. Specifically, 1) counsel must detail the nature and extent of his review; 2) counsel must list each issue the petitioner wishes to have reviewed; 3) counsel must explain why petitioner's issues are meritless; 4) the PCRA court conducts its own independent review of the record; and 5) the PCRA court agrees with counsel that the petition is meritless. *Id.* Attorney Server complied with the requirements of *Turner/Finley*, and the PCRA court conducted its own review of the record and found Appellant's issues to be meritless. Accordingly, there was no error in the court's order granting counsel's petition to withdraw and dismissing the PCRA petition. *Brown*, 48 A.3d at 1277.

Application for relief granted. Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/2017